IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01517-LTB-BNB

ABDELRAOUF ABDELMEDGED,

Plaintiff,

v.

NCL PRIAD OF AMERICA,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the defendant's **Motion to Dismiss Complaint** [Doc. #14, filed 10/26/2010] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff filed a Title VII Complaint on June 28, 2010 [Doc. #3] (the "Complaint"). The Complaint alleges that the plaintiff was employed by the defendant on a cruise ship based in Hawaii and that the defendant discriminated against him on the bases of race, religion, national origin, and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended.

The defendant seeks dismissal of the Complaint pursuant to Rule 12(b)(2), Fed. R. Civ. P., for lack of personal jurisdiction.[1]  When a defendant seeks dismissal under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction over the defendant.  Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).  The plaintiff need only make a prima facie showing of facts, however, by affidavit or other evidence, which if true would support the exercise of personal jurisdiction.  OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1090 (10th Cir. 1998).

In a federal question case, as here, the analysis for determining personal jurisdiction has been summarized as follows:

> Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.

Peay v. Bellsouth Medical Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000) (quotations and citations omitted).

In this case, the plaintiff asserts claims against the defendant pursuant to Title VII of the Civil Rights Act of 1964.  Title VII does not provide for nationwide service of process.  See

---

[1] The defendant also seeks dismissal of the Complaint for improper venue.  "The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum."  Leroy v. Great Western United Corp., 443 U.S. 173, 180 (1979).  The defendant does not address 42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision) or Pierce v. Shorty Small's of Branson Inc., 137 F.3d 1190, 1191 (10th Cir. 1998) (stating that Title VII's venue provision governs venue in Title VII actions).  Finally, the defendant seeks dismissal because the Complaint was not filed within ninety days of receiving a right to sue notice from the Equal Employment Opportunity Commission.  The defendant does not address Jarrett v. US Sprint Communications Co., 22 F.3d 256, 260 (10th Cir. 1994) (stating that the 90 day limitations period is tolled while a motion to proceed *in forma pauperis* is pending).

Salemi v. Boccador, Inc., No. 02 Civ. 06648 (GEL), 2004 WL 943869, at *1 (S.D.N.Y. Apr.29, 2004); Clark v. T-Mobile USA, Inc., No. 3-03-CV-2915-D, 2004 WL 743868, at *1 n. 3 (N.D.Tex. Apr.6, 2004).

When federal legislation does not provide for nationwide service of process, the plaintiff must demonstrate that the defendant is amenable to service of process under the laws of the forum state. Under Colorado law, personal jurisdiction exists only if the requirements of both the state long-arm statute, section 13-1-124, C.R.S., and due process of law have been satisfied. Doe v. National Medical Servs., 748 F. Supp. 793, 795 (D. Colo. 1990); D & D Fuller CATV Constr., Inc. v. Pace, 780 P.2d 520, 523 (Colo. 1989). The Colorado long-arm statute confers jurisdiction to the fullest extent consistent with due process of law, however. Waterval v. District Court, 620 P.2d 5, 8 (Colo. 1980), cert. denied, 452 U.S. 960 (1981). Consequently, because the long-arm statute imposes no greater limitations than federal due process, I proceed directly to the constitutional analysis. See OMI Holdings, 149 F.3d at 1090, citing Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op., 17 F.3d 1302, 1305 (10th Cir. 1994).

In federal question cases, the personal jurisdiction requirements flow from the due process clause of the Fifth Amendment, Peay, 205 F.3d at 1211, which are the same as those in a Fourteenth Amendment analysis. Id. The focus is on protecting an individual's liberty interest in not being subject to "the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quotations and citation omitted). Due process requires that a defendant have "fair notice that [his] activities will render [him] liable to suit in a particular forum." Peay, 205 F.3d at 1211.

To satisfy due process, minimum contacts must exist between the defendant and the

forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). The minimum contacts requirement may be satisfied by a showing of either general jurisdiction or specific jurisdiction. Where general jurisdiction is asserted over a non-resident defendant who has not consented to suit in the forum, minimum contacts exist if the plaintiff demonstrates the defendant's "continuous and systematic general business contacts" in the state. OMI Holdings, 149 F.3d at 1091. General jurisdiction does not require that the claim be related to the forum-related contacts. Shrader v. Biddinger, 633 F.3d 1235, 1239 (10th Cir. 2011). Specific jurisdiction is present where the defendant has purposefully directed his activities at the residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. Soma Medical Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1298 (10th Cir. 1999). If it is established that a defendant's actions created sufficient minimum contacts, the court still must consider whether the exercise of personal jurisdiction over the defendant would offend traditional notions of "fair play and substantial justice." Burger King, 471 U.S. at 476 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). This inquiry requires a determination of whether the exercise of personal jurisdiction over the defendant is reasonable in light of the circumstances surrounding the case. Id.

Here, the defendant states that it is a Delaware corporation with its principal place of business in Miami, Florida; it does not maintain any offices in Colorado; it employs one individual within the State of Colorado as a Business Development Manager who works from home; it does not currently hold recruitment sessions in Colorado; it does not make other efforts to affirmatively solicit employees from Colorado; and it advertises in Colorado through nationally-distributed publications and sells cruises to Colorado residents. *Motion*, p. 4.

The plaintiff does not provide any argument or evidence to show that the defendant conducted any specific activity in the State of Colorado or that the defendant had any continuous or systematic contacts with the State of Colorado.  Indeed, the plaintiff's response to the defendant's Motion does not address personal jurisdiction.[2]

 I am aware that "[t]he activities of even a single salesman certainly may be sufficient to constitute the doing of business within a state even though those activities do not involve the actual concluding of contracts but involve only solicitation of orders and service calls" and that "[a]s long as personal service is had within the state, the action itself need not arise out of the activities of the agent within the state."  White-Rodgers Co. v. District Court of Weld County, 418 P.2d 527, 530 (Colo. 1966).  Here, there is no evidence regarding the type of work the defendant's Colorado-based employee performs, and the record shows that the defendant was served in Hawaii, not through the Colorado-based employee [Doc. #10-1].  Nor is there any evidence regarding whether the sale of cruises to Colorado residents is the result of the Colorado-based employee's efforts or of the defendant's national advertisements.[3]

The plaintiff bears the burden of making a prima facie showing of facts by affidavit or other evidence, which if true would support the exercise of personal jurisdiction.  Based on the record before me, the plaintiff has failed to offer any evidence whatsoever to make a prima facie

---

[2]When determining if personal jurisdiction exists, any factual disputes must be resolved in favor of the plaintiff.  Shrader v. Biddinger, 633 F.3d 1235, 1239 (10th Cir. 2011).  Because the plaintiff does not address the defendant's personal jurisdiction argument, no factual disputes exist.

[3]Advertising in a national publication distributed in Colorado does not, without more, constitute a transaction of business within Colorado.  Safari Outfitters, Inc. v. Superior Court in and for the City and county of Denver, 448 P.2d 783, 785 (Colo. 1969).

showing that the defendant is subject to the jurisdiction of this court. As a result, I find that this court has no personal jurisdiction over the defendant.

I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint be DISMISSED for lack of personal jurisdiction.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 13, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge